**Hun Dae LEE, Plaintiff–Appellant,**

v.

**John PUTZ, M.D., Defendant–Appellant,**

**Edward W. Sparrow Hospital Association, Defendants.**

**No. 04–1341.**

United States Court of Appeals, Sixth Circuit.

Aug. 9, 2005.

Mark Granzotto, Royal Oak, MI, for Plaintiff–Appellant.

Raymond J. Foresman, Willingham & Cote, East Lansing, MI, for Defendant–Appellee.

Michael L. Van Erp, Johnson & Wyngaarden, Okemos, MI, for Defendants.

Before MARTIN, COOK, and LAY,* Circuit Judges.

PER CURIAM.

 The recent *Apsey v. Mem. Hosp.*, 702 N.W.2d 870, 266 Mich.App. 666 (2005), decision of the Michigan Court of Appeals resolves this appeal in favor of Plaintiff–Appellant, Hun Dae Lee. The *Apsey* court considered the same issue presented here—that is, whether the special certification required by Mich. Comp. Law § 600.2102(4) to authenticate the credentials of a sister-state notary public must accompany an affidavit of merit (required with any medical malpractice complaint) to initiate a valid medical malpractice action and toll the limitations period. *Id.*

Agreeing with, and even citing as persuasive authority, Chief District Court Judge Robert Holmes Bell's predictive conclusion, the *Apsey* court assessed the competing notarial statutes and generally concluded that the Michigan certification-of-notarial-authority provision pertains particularly to affidavits "officially received and considered, by the judiciary," including medical malpractice affidavits of merit. *Id.* From that premise the court reasoned that "the special certification is a necessary part of an affidavit submitted to the court to meet the requirement of MCL 600.2921d(1)." *Id.* Thus, absent the certification, the resulting, defective affidavit

---

* The Honorable Donald P. Lay, Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation.

"fail[s] to support a medical malpractice complaint for purposes of tolling the period of limitations." *Id.* (citing *Geralds v. Munson Healthcare,* 259 Mich.App. 225, 673 N.W.2d 792, 800 (2003)).

■ Where the *Apsey* court then differed with Chief Judge Bell was in its conclusion that fairness and justice require a prospective application of its decision on this "issue of first impression whose resolution was not clearly foreshadowed." *Id.* (internal quotations and citations omitted). *Apsey* thus permits non-compliant plaintiffs, whose cases were pending when *Apsey* issued, to file the proper certification. Because Lee falls in this category, the district court erroneously dismissed his case.

The case is reversed and remanded for proceedings consistent with this opinion.